Gibson J.
There is no doubt but a will actually cancelled, must be re-executed, before it can have effect. Burtonshaw v. Gilbert, Cozvp. 49. And any act evincing an intention to cancel, although actual cancellation be not effected, will amount to a revocation. Bibb v. Thomas, Black. Rep. 1043. That was_ a revocation by attempting to cancel, although the will, which was partly torn and thrown on the fire, fell off, and' was picked up by a bye-stander j the testator, not having done any after act to evince a change of intention, this was held to be a revocation. But Hyde v. Hyde, 1 Eq. Ca. Abr. 409. Ch. Rep. 55, S. C., comes nearer the present case, than any other I have found in the books. A man had a will executed pursuant to the statute of frauds; and designing to make some alterations, sent for a scrivener, and got him to prepare a new will, which the testator read and approved of; on which he pulls out of his pocket, the first will, and tears off the seals from the first eight sheets, which the scrivener seeing, asked him what he was doing? “ Why,” says he, “ I am cancelling my first will.” « Pray,” says the scrivener, “ Hold your hand, the other will is not perfected; it will not pass real estate, for want of being executed according to the statute of frauds.” “ I am sorry for that,” replies the testator, and immediately desists from tearing off any more of the seals j and in a short time after, dies, without having done any thing further to perfect the *568 second will, or complete the cancelling of the first. It was held, the tearing off the first eight seals, not being done animo cancellandi, (as it is said in the report,) was no revocation, and that the seal remaining whole to the last sheet, was sufficient. There was indeed, no revocation, but clearly not for the reason expressed in the report, that the acts of tearing, were not done animo cancellandi; for the testator expressly declared, at the time, that he was cancelling his first will. It was because the act by which he intended to revoke, was not complete, when he changed his mind. It would be dangerous, and destructive of all certainty, to say, that where there was an actual intention to cancel, at the time of the act done, that intention should not be carried into effect, because the testator may have been under a mistaken impression as to the existence of any collateral fact, that constituted the motive of the act; and that therefore he intended to revoke, only on condition, that the fact was as he supposed it to be. In Hyde v. Hyde, as in the present instance, there was an intention to revoke in a particular way, and no other; by a particular act, and by no other. Shall the revocation be complete, before the act be complete, by which it is intended to be effected; and may not the testator, at any time previous to completion of the act, change his mind, without being under the necessity of republishing his will? Suppose, that, intending to burn it, he takes the will from his desk, and advancing towards the fire, changes his intention and returns it to its place; would this be a revocation ? and if not, would his going a step further, and attempting to throw it on the fire be more so, if he picked it up, and, by any after act, evinced a change of intention? Where, indeed, there has been no change of intention, and the testator, as in Bibb v. Thomas, continues to believe his will actually destroyed or cancelled, or evinces a continuation of intention, that the instrument shall not have validity at his death, the imperfect act, joined to a continued intention of revocation, shall be equivalent to the act itself; for it would be unjust, that a man’s intention should fail of effect, from an accidental cause. But an intervening change of intention makes a very different case. The reason is, that actual cancellation is an express revocation ; while an act, evincing an intention to cancel, is but presumptive, and stands for an actual revocation, only till an intention to the contrary appears, the mager being *569 susceptible of explanation by evidence; where, therefore, the intention to revoke is changed, before the act by which it is intended to be effected is executed, the paper, which never ceased to be the will of the party, will stand on the original proof. It is true, in conclusion, the judge told the jury, that if they believed the testator to the last intended the paper in question to be his will, they ought to find for the plaintiff; but he also stated as a general and governing principle, that a will intended to be cancelled, can be “ resuscitated” in the same manner, and by the same proof only, that would be sufficient to establish it, in the first instance. In this, there was error; and granting the conclusion of the charge was Contradictory to this principle, it does not cure the defect: the jury were left without any rule to guide them. The judgment must be reversed. ’